In the

# United States Court of Appeals

## For the Seventh Circuit

---

No. 05-2138

HRISTO PRAMATAROV, *et al.*,

*Petitioners*,

*v.*

ALBERTO R. GONZALES,

*Respondent*.

---

Petition to Review an Order of the
Board of Immigration Appeals.
Nos. A78-817-544 & A78-817-538

---

ARGUED MAY 4, 2006—DECIDED JULY 27, 2006

---

Before POSNER, MANION, and ROVNER, *Circuit Judges*.

POSNER, *Circuit Judge*.  The petitioner is a Bulgarian who has been ordered removed from this country and seeks judicial review, complaining about the denial by the Board of Immigration Appeals of his application for asylum. He is a Roma (that is, a gypsy) and contends that he was persecuted in Bulgaria on account of his ethnicity. He testified that he had been beaten as a school child because of his ethnicity, and again in the army, where he was subjected to additional indignities such as being forced to sleep in latrines. When he reported the beatings to officers, he was subjected to additional beatings, culminating in a beating in

which he sustained multiple blood clots and lost six teeth. After leaving the army, he sought employment but had only limited success because of discrimination against gypsies, and he was beaten by "skinheads" at a labor exchange. Later, when he complained about the refusal of a restaurant to serve him and his wife, members of the restaurant's staff beat the two of them. They were treated at a hospital, she for a blood clot "the size of an apple" and he for a fractured jaw. When they tried to file a police report, they were told that gypsies have to protect themselves. After this incident they left Bulgaria and eventually came to the United States.

The immigration judge (O. John Brahos, whose decision was affirmed in a one-sentence per curiam order by the Board of Immigration Appeals) doubted the applicant's credibility on grounds that, because of factual error, bootless speculation, and errors of logic, lack a rational basis. These have been common failings in recent decisions by immigration judges and the Board. *Hanaj v. Gonzales*, 446 F.3d 694, 700 (7th Cir. 2006); *Tabaku v. Gonzales*, 425 F.3d 417, 423 (7th Cir. 2005); *Hor v. Gonzales*, 421 F.3d 497, 500 (7th Cir. 2005); *Lin v. Ashcroft*, 385 F.3d 748, 755-56 (7th Cir. 2004); *Cao He Lin v. United States Dep't of Justice*, 428 F.3d 391, 403 (2d Cir. 2005); *Elzour v. Ashcroft*, 378 F.3d 1143, 1153-54 (10th Cir. 2004); *Dia v. Ashcroft*, 353 F.3d 228, 249, 250 (3d Cir. 2003) (en banc); *Gao v. Ashcroft*, 299 F.3d 266, 278-79 (3d Cir. 2002).

Judge Brahos doubted that Pramatarov is a gypsy. He gave several reasons, none plausible. He said that Pramatarov does not know "the name of the ethnic group that gypsies are aligned with"; in a confused exchange, conducted through a translator, Pramatarov at first said he didn't know "the other name" for gypsies, but later indicated correctly that it was "Roma." The judge said that an unspecified country report for Bulgaria warns of "non-

gypsies who seek to pass themselves off as gypsies in order to obtain relief in filing applications in the United States." He said that Pramatarov has no documentary evidence of being a gypsy, though Pramatarov's baptismal certificate, admitted in evidence without objection, so identified him. The judge (whose questioning of Pramatarov was so harsh and rude as to suggest bias) thought that Pramatarov's injuries during his military service might have been caused by accidents rather than beatings; there is no evidence of that. He said that Pramatarov couldn't have been locked in latrines because "the authorities" would have discovered his absences by means of bed checks and conducted "an immediate search for him"; but the record contains no evidence about bed checks. He said the couple would not have gone to a restaurant at the "time of day" they did (midnight) without "the proper clothing or toiletries," because it must have been a nightclub; but in the same sentence he said that maybe they were refused service because they weren't wearing proper clothing. He said that Pramatarov must have been lying about his inability to obtain gainful employment in Bulgaria, because he got married and "one does not marry unless one is able to support his spouse."

The immigration judge's credibility findings in their weirdness gave the Board of Immigration Appeals pause; for the Board's one-sentence opinion states that "even assuming [Pramatarov's] credibility, [he] has not met the burden of proving eligibility for asylum." The Board did not explain why, if Pramatarov's testimony was believed, he nevertheless was ineligible. The reason could be that the evidence that the Bulgarian government condones or acquiesces in persecution of gypsies in general or Pramatarov and his wife in particular was weak, though not so weak that we can affirm the Board even if the immigra-

tion judge's credibility findings are rejected, as they must be, and if we assume therefore that Pramatarov's testimony was truthful and accurate.

It is true that beatings by schoolchildren, fellow enlisted men in the army, "skinheads," and restaurant employees are not persecution, which requires either the government's complicity or its inability to prevent the (private) persecution. E.g., *Hor v. Gonzales*, *supra*, 400 F.3d at 485. There is some evidence of governmental complicity, however, in the reaction of military officers to Pramatarov's complaints about being beaten and humiliated because of his ethnicity and in the refusal of the police to take action after he and his wife were beaten outside the restaurant. We cannot say, without benefit of analysis by the Board, that the evidence of governmental complicity was so weak that the errors of the immigration judge, coupled with the Board's error of failing to indicate the ground for its decision, are harmless. The petition for review is therefore granted and the case remanded to the Board for further proceedings consistent with this opinion.

No. 05-2138                                                              5

A true Copy:

    Teste:

 

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*